Brinkerhoff, J.
The defendant in error was the plaintiff in the original action, which she brought in the common pleas of Clark county, against Nathan Vail and Rachel, his wife, and other defendants below, to enjoin them against the threatened commission of waste on premises hereafter mentioned, and to recover damages for waste alleged to have been already committed by some of them-She is the widow and administratrix, and (her husband having died without issue) under our statute of descents, also the heir at law of James A. McMillan, deceased, who died January 14, 1858.
The petition sets forth that on the 5th of April, 1849, Nathan Vail and Rachel, his wife, conveyed by deed to said James A. McMillan, his heirs and assigns forever, one hundred and seven and one-half acres of land in Clark county, Ohio, definitely described. The deed expressed a consideration of $350; and immediately after the granting clause thereof, the following language is found: “But it is hereby expressly declared that the estate hereby conveyed is not to commence and be vested in the said James A. McMillan, or his heirs, until after the said Nathan Vail shall have departed this life, the same remaining in the meantime a life estate in the said Nathan Vail as long as he shall live; and if the said Rachel Vail *570 shall survive the said Nathan, she is to have the sole use of the' dwelling-house on said premises during her ^natural life, and such further control of the entire premises and the proceeds thereof as may be necessary for her comfortable support and maintenance during her natural life.” Then follows the usual covenants of seizin and warranty, “subject, however, to the intermediate life estate and incumbrances above specified.” The plaintiff' below claimed to be seized of the remainder in fee under this deed,, and in that character, the right to enjoin and recover as aforesaid.
To this petition Vail and wife answer, by way of defense and-cross-petition, in substance:
That the pretended deed in the petition mentioned was not executed upon any consideration of blood or marriage, and said deed does not in law or fact convey any estate to the grantee, and is-wholly void. That said James A. McMillan was the illegitimate son of said Rachel Vail. That the land belonged in fee simple to Nathan Vail. That there was no relationship of any kind between Nathan Vail and wife and the plaintiff, Rebecca, except that she was the widow of said James A. McMillan. That at the time of executing said deed the grantors, and especially Nathan Vail, were greatly enfeebled, by advanced age and other causes, in their mind, and were incapable of understanding the effect of said deed, and it was made on the undue and oft-repeated solicitations and importunity of the grantee and of the plaintiff; and upon the consideration and promise, both of the said James A. and his wife, that they would, in person, watch over, support, and in all respects provide for the grantors until Nathan’s death, and provide them a home1 either with or near by him, the said James, and as far as possible, by his said care, attention, and support, relieve the grantors in. their old age from care and trouble; and that, in addition thereto, he would farm said land, keep up its repairs, and pay said Nathan one-half of its products as rents. That by mistake and inadvertence, the grantors did not think of, or take into consideration, the contingency which has occurred in the death of said James, which might deprive, and, in fact, has deprived, the grantors of the true consideration of the deed, and which, but for such promises of personal- kindness, care, and support by said James, and the other in-ducements promised +as aforesaid, would not have been made. That the land composed all of Nathan’s estate, and defendant's were and are wholly dependent thereon for support. That the *571 land, when the deed was made, was worth $4,300, and the estate which plaintiff derived was worth $3,000, for which no consideration. was ever paid by James, who gave his note for $350, without interest, which James said was to make the deed binding, and that he afterward added his note for $150 for the same reason. That neither of said notes, or any interest thereon, was ever paid during the lifetime of said James. That without any request, the plaintiff, since his death, sent to Nathan $500 to pay said notes, without interest, and which he received in ignorance of his legal rights to avoid said deed; but which, on the 28th day of June, 1858, as soon as he ascertained his legal rights, he tendered back to the plaintiff, with interest, and then notified plaintiff that it would be at all times ready for her; and “the said money is nowhei’e brought into court, and such tender is continued to the plaintiff.” That said plaintiff, ever since her husband’s death, has wholly failed to provide for, or support, or take care of defendant, and refuses so to do. By reason of all which, the pretended deed is, in equity, void, and the promised suppoi’t and care was, and is, worth $500 per year. They deny the alleged commission of waste.
In the cross-petition it was alleged that the defendants were in full possession; that Nathan is the owner in fee simple; that the pretended deed is a cloud upon his title, preventing him from disposing of the farm, the net proceeds of which is wholly insufficient for his support. By reason of which, and the • other premises in the answer set forth, the defendants pray that the -title be quieted, and said deed canceled; but if said deed is adjudged valid, that Nathan be protected in the cutting of timber, and the enjoyment of the land; and that the plaintiff be decreed to pay the defendants, Vail and wife, the value of the promised support and care, in proper installments, to be made a charge upon the land.
Issue having been taken, by reply, upon the material averments of the answer, and the case having been tried and *determined in the common pleas, it was taken by appeal to the district court; and on the trial there, testimony was adduced, subject to exception and to the opinion of the court as to its competency, tending more or less to establish all the material allegations of the answer; and thereupon the court, having found that at the time of the making of the deed to McMillan by Vail and wife, they were mentally and otherwise competent to make said deed, and that the *572 same was not procured to be made by any mistake or undue influence, held all the evidence which had been given tending to show that at the time of the making of said deed McMillan had, by parol, contracted to support the old people during their lives respectively, and that such verbal contract was in fact a part consideration for the making of said deed, to be incompetent, and accordingly ruled out and refused to consider the same. To this ruling Yail and wife duly excepted; and the court having decreed against the plaintiff below, as to the waste alleged by her and against Yail and wife as to the matter of their cross-petition, the above ruling as to the competency of the evidence in respect to the consideration of the deed, is here assigned for error.
During the progress of the proceedings below, a few other questions arose incidentally, and were made the subject-matter of exception ; but as we see no error in the rulings of the court below in respect to them, we do not think it worth while to notice them here.
The question then is, did the district court err in ruling out and declining to consider the evidence tending to show, by parol testimony, that the verbal contract of McMillan for the support of the ■old people during their respective lives, was in fact a part consideration for the execution by them of the deed in question? We are constrained to think it did.
It is unnecessary to accumulate authorities on the question; but the well-settled rule is as laid down by the Lord Chancellor in Clifford v. Turrill, 9 Jui’ist, pt. 1, p. 633, where he says: “ It was said, that the plaintiff- could not go out of the deed to prove that there was any other consideration for the assignment than that stated upon the deed. Now, the settled rule of law is, that you may go out of the deed to prove a *consideration that stands well with that stated on the face of the deed, but you can not be allowed to prove a consideration inconsistent with it.” And in that case it was further held, that where the additional consideration, not mentioned in the deed, was a contract for the payment of a life annuity, the court would decree a specific performance of that contract, and not turn the party over to his action at law for damages on account of the breach of the contract.
In this case it seems to us that the additional and part consideration sought to be proved may “ stand well with,” and is not inconsistent with the consideration appearing upon the deed. The rela *573 tions existing between Nathan Vail, the owner in fee of the land; and the grantee, were such that no valid consideration of marriage, or of love and affection, could arise between them; and the consideration mentioned in the deed was a moneyed, a pecuniary consideration alone; and the contract for a life support was of a similar nature, and is very much like the contract for a life annuity which formed the additional consideration in the case of Clifford v. Turrill. And the reservation by the grantors of a life interest in the land is not at all necessarily inconsistent with their claim here asserted. The office of these reservations is to define and limit the quantum of estate which they conveyed, and not to declare the considerations moving them to the conveyance.
This disposes of the case as it stands upon the record. But since the filing of the petition in error in this court, the defendant in error, by leave of the court, has filed here a special plea, setting forth that, since the rendition and entry of the decree in the district court, the plaintiff in error, Vail, has withdrawn from the hands of its depositary and appropriated tp his own use the sum of five hundred dollars tendered by him to the defendant in error, as alleged in the answer and cross-petition, and which was brought into court, and there remained during the pendency of the case in the common pleas and district courts; and insists that this withdrawal of the moneys so tendered, operates in law as a waiver of error, if such there he, in the proceedings and judgment of the district court.
*To this plea the plaintiff in error demurs generally.
It seems to us that the demurrer is well taken. We are unable to discover how, on any sound principle, the withdrawal of the deposit ought to operate as a waiver of error. The decree of the district court remains in full force. This proceeding in error, during its pendency, does not vacate it. Under the decree, the party to whom the tender was made has no right to the money, and the party making it has the right to lift it as his own. The defendant in error can not be injured in any way by its withdrawal during the pendency of the proceeding in error; his right to elect to accept the tender was foreclosed by the decree, and she has now nothing to complain of in the matter. On the reversal of the decree of the district court, and the remanding of the case to that court for a new trial, then, if the money be not forthcoming, on the election of the defendant in error to accept it, a question may perhaps arise in that *574 court whether the plaintiff in error will be entitled to further prosecute his case. But up to this time the defendant in error has not been prejudiced, and we think it would be wrong to hold that the plaintiff in error has waived any right.

Judgment reversed, and cause remanded.

Day, C. J., and White, Welch, and Scott, JJ., concurred.